FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ARMANDO DIAZ, | No. 09-16352 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00912-OWW-SMS |
| v. | |
| K. W. PRUNTY, Undersecretary; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

California state prisoner Jorge Armando Diaz appeals pro se from the district

court's judgment dismissing with prejudice Diaz's 42 U.S.C. § 1983 action

claiming that the grievance process used by the California Department of

Corrections and Rehabilitation ("CDCR") deprived him of his First and Fourteenth

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment right to access the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to dismiss for failure to state a claim under the Prison Litigation Reform Act, *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009), and we affirm.

Diaz contends that the CDCR's process violated his right to access the courts because a CDCR appeals coordinator rejected as untimely Diaz's grievance concerning certain searches for contraband. As a result, Diaz was unable to properly exhaust his administrative remedies, leading to the dismissal of a previous federal action challenging the searches. In order to allege a cognizable claim, Diaz must plead, among other things, that prison officials caused his inability to access the courts. *See Crompton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Diaz admits that the only cause of his failure to file a timely grievance was a delay in obtaining evidence. However, Diaz was not required to submit evidence with his grievance. *See* Cal. Code Regs., tit. 15, § 3084.2(a). CDCR officials thus did not cause his inability to exhaust, and Diaz cannot show that the CDCR proximately caused any denial of access he may have suffered.

**AFFIRMED.**